IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BONIFACIO CHAVEZ-TORRES,

    Petitioner,

  v.

NEIL H. ADLER, WARDEN,

    Respondent.
                                   /

No. C 07-1501 CW

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER § 2241

Petitioner Bonaficio Chavez-Torres, a federal prisoner incarcerated at the Taft Correctional Center in Taft, California, filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, By a Person in Federal Custody." Respondent Warden Neil H. Adler opposes the petition, arguing that the Court is without subject matter jurisdiction under § 2241 and, alternatively, that the Federal Bureau of Prisons (BOP) has authority to administer the Inmate Financial Responsibility Program (IFRP), independent of a sentencing court's duty to schedule restitution payments.

Having considered all of the papers filed by the parties, the Court DENIES the petition under § 2241 for a writ of habeas corpus.

BACKGROUND

Petitioner was found guilty in the Western District of Washington of one count each of possession with the intent to distribute methamphetamine; conspiracy to manufacture methamphetamine; attempt to manufacture methamphetamine; and establishment of a manufacturing operation. Harvey Dec., Ex. 1 to Answer. Petitioner was sentenced to 188 months imprisonment, sixty months supervised release, $30,000.00 restitution, and a $400.00 special assessment. Id., Attachment 1.

The "Schedule of Payments" section of the Judgment and Commitment Order states, "Payment of the total fine and other criminal monetary penalties shall be due. . . in full immediately." Id. In the "Conditions of Supervised Release" section, the court again stated, "Restitution in the amount of $30,000.00 is due immediately." Id. There is no instruction suggesting a schedule of separate payments to be made. Id. The court's handwritten notation states, "Any unpaid amount to be deducted from the Inmate Financial Responsibility Program while incarcerated. Applicable as to the restitution of $30,000." Id.

A review of Petitioner's Inmate Financial Plan and Account Report shows that he participated in the IFRP, making quarterly payments starting in June, 2002. Id., Attachment 2, IFRP Inmate Financial Plan and Contract Payment History Report for Bonifacio Chavez-Torres. Petitioner's payment for the month of September, 2005 was returned due to insufficient funds, as a result of which

Petitioner was placed in IFRP refusal status.[1]  Id.

In September, 2006, Petitioner filed a motion under U.S.C. § 2255 in the sentencing court to vacate the judgment for "lack of personal, legislative (subject-matter) or territorial jurisdiction authority over defendant and for injunctive relief from criminal fraud."  On June 4, 2006 the court denied Petitioner's motion. Subsequently, Petitioner filed a second motion under § 2255.  The sentencing court ordered that the second motion would have to be certified by the Ninth Circuit Court of Appeals before Plaintiff could proceed.

## LEGAL STANDARD

Habeas corpus relief extends to a person in custody under the authority of the United States and is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

## DISCUSSION

Petitioner argues that the sentencing court erred in delegating to the BOP the duty of setting a schedule of payments for his restitution and that the sentencing court must establish an installment payment schedule.

---

[1] Under the IFRP, the amount the inmate should pay is calculated commensurate with the inmate's ability to pay, and refusal by an inmate to participate in the program or to comply with the provisions of his financial plan ordinarily results in loss of certain enumerated privileges.  28 C.F.R. § 545.11 and BOP Program Statement 5380.08, Financial Responsibility Program, Inmate, section 8(d).

3

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his sentence must do so by way of a motion to correct the sentence pursuant to § 2255 in the court which imposed the sentence. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). A prisoner may not attack collaterally a federal sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991).

Therefore, Petitioner's attack on the validity of the sentencing court's restitution order could only be brought by way of a § 2255 motion in the Western District of Washington. However, Petitioner has already brought such a motion. Before a second or successive § 2255 motion may be filed in the sentencing court, the petitioner must move in the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). As the court in the Western District of Washington ruled, because Petitioner previously filed a § 2255 motion, any subsequent motion must be authorized by the Ninth Circuit.

Petitioner also argues that the prison lacks authority to collect restitution payments under the IFRP, that he should therefore be relieved of his duty to make payments during his incarceration, and that the Court should order prison officials to remove him from the IFRP "without suffering any imposition of sanction as he was forced to signed [sic] a contract under threats or otherwise would be suffering sanctions such contract is void by

law." Respondent asserts that this Court lacks subject matter jurisdiction over this claim under 28 U.S.C. § 2241 because Petitioner is not challenging the fact or duration of his confinement.

Petitioner's claim is proper under 28 U.S.C. § 2241 because it concerns the manner, location, or conditions of the execution of his sentence and not the fact of his conviction. Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998) (per curiam) (addressing § 2241 petition challenging BOP's restitution policies).

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)); United States v. Gunning, 401 F.3d 1145, 1150 (9th Cir. 2005) (Gunning II). One of the functions of the BOP is to "help the inmate develop a financial plan" towards payment of restitution and to "monitor the inmate's progress in meeting the terms of that plan." Gunning II, 401 F.3d at 1150 (quoting 28 C.F.R. § 545.11).

In United States v. Lemoine, 546 F.3d 1042, 1050 (9th Cir. 2008), the Ninth Circuit held that prisoners have no entitlement, constitutional or otherwise, to any of the benefits participation in the IFRP would provide. Participation in the IFRP is voluntary and denial of certain privileges for refusing to participate in the IFRP does not make participation in the program involuntary or unlawful. Id. at 1046.

5

The BOP acted lawfully in its capacity as administrator to help Petitioner develop a financial plan and to monitor his progress in meeting the terms of that plan.  Petitioner may voluntarily remove himself from the IFRP at any time.  However, Petitioner's receipt of IFRP privileges depends on his participation in that program.  Petitioner offers no facts suggesting that he was "forced to sign a contract under threats" other than denial of IFRP incentives, which constitute privileges of participating in the IFRP program and not rights under the law.

CONCLUSION

Based on the foregoing, the petition under § 2241 is DENIED.  The clerk shall close the file.  The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 3/10/09

CLAUDIA WILKEN
United States District Judge